**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| _____ | : | Civil Action No. 17-7899 (FLW)(LHG) |
| MARYANN BARNETT, | : | |
| | : | **<u>MEMORANDUM ORDER</u>** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SIX FLAGS GREAT ADVENTURE, | : | |
| SIX FLAGS ENTERTAINMENT | : | |
| CORPORATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**THIS MATTER** having been opened to the Court by Spector Gadon & Rosen, PC, Heather M. Eichenbaum, Esq., appearing, counsel to Defendants Six Flags Great Adventure, LLC (named in the Complaint as Six Flags Great Adventure and Six Flags Entertainment Corporation, and hereinafter "Six Flags"), on a motion for partial dismissal of the Complaint of Plaintiff Maryann Barnett ("Plaintiff"), for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6); it appearing that Plaintiff, through counsel, Herbert I. Ellis, P.C., Amy B. Francesco, Esq., appearing, opposes Six Flags' Motion;

**IT APPEARING THAT,**

1. In its October 5, 2017 Motion, Defendant Six Flags sought dismissal of Counts I and II of the Complaint (i) to the extent raised as claims for breach of an implied warranty; (ii) to the extent raised as claims for breach of an express warranty; and (iii) to the extent raised under any theory "averring conduct beyond ordinary negligence." ECF No. 3-4.

2. In her one-page, March 12, 2018 Letter Opposition, Plaintiff consented to the dismissal of all claims under both breach of warranty theories, but opposed dismissal of any other claims beyond ordinary negligence as premature before the full exchange of discovery.

3. In Reply, Defendant Six Flags clarified that, given Plaintiff's partial consent to the Motion,[1] the only remaining claim for which Defendant seeks dismissal is any nuisance claim Plaintiff intended to raise in paragraph 5 of Count I of the Complaint.

4. Count I, paragraph 5, in relevant part, states as follows:

> Defendant(s), SIX FLAGS GREAT ADVENTURE . . . [et al.] were negligent in that they created, maintained, and allowed a hazardous condition to exist on said premises; failed to exercise reasonable care to keep the premises safe; and further maintained a nuisance. As a result thereof, Plaintiff was caused to fall and sustain injuries and damages hereinafter set forth.

5. "A cause of action for private nuisance derives from the defendant's 'unreasonable interference with the use and enjoyment' *of the plaintiff's property*." *Ross v. Lowitz*, 222 N.J. 494, 505, 120 A.3d 178, 185 (2015) (quoting *Sans v. Ramsey Golf & Country Club, Inc.,* 29 *N.J.* 438, 448, 149 *A.*2d 599 (1959) (emphasis added)). "[T]he elements of a cause of action for private nuisance [are] . . . an invasion of another's interest in the private use and enjoyment of land, and the invasion is either (a) intentional and unreasonable, or (b) unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities. *Id.* at 505.

6. "[A] public nuisance, by definition, is related to conduct, performed in a location within the actor's control, which has an adverse effect on a common right. . . . [A] private party who has suffered special injury may seek to recover damages to the extent of the special

---

[1] Additionally, on April 17, 2018, the parties executed a Joint Stipulation of Counsel, withdrawing Plaintiff's claim for loss of earnings.

injury and, by extension, may also seek to abate." *In re Lead Paint Litig.*, 191 N.J. 405, 429, 924 A.2d 484, 499 (2007). A common or "'public right is one common to all members of the general public. It is collective in nature and not like the individual right that everyone has not to be assaulted or defamed or defrauded or negligently injured. Thus the pollution of a stream that merely deprives fifty or a hundred lower riparian owners of the use of the water for purposes connected with their land does not for that reason alone become a public nuisance. If, however, the pollution prevents the use of a public bathing beach or kills the fish in a navigable stream and so deprives all members of the community of the right to fish, it becomes a public nuisance.'" *Id.* at 426 (citing *Restatement (Second) of Torts* § 821B cmt. g. (1979)). To demonstrate "special injury" a private plaintiff must have "suffered harm of a kind different from that suffered by other members of the public." *Id.* at 427 (citing *Restatement (Second) of Torts* § 821C(1) (1979)).

7. The causes of action in Plaintiff's Complaint sound in personal injury, do not involve real property, and do not allege intentional and unreasonable conduct or abnormally dangerous conditions or activities. Accordingly, the Complaint does not state a claim for private nuisance. Moreover, Plaintiff's personal right not to be negligently injured is not a common right actionable in public nuisance. The Court therefore agrees with Defendant that paragraph 5 of Count I of the Complaint should be construed as supporting Plaintiff's claim for negligence only and does not state a claim for nuisance. Moreover, dismissal of the Complaint to the extent raised as a cause of action for private or public nuisance is not premature because discovery cannot cure these deficiencies.

Accordingly, the Court having reviewed the parties' submissions in connection with the Motion; pursuant to Fed. R. Civ. P. 78; the for the reasons set forth above; and for good cause shown;

**IT IS** on this 2nd Day of May, 2018,

**ORDERED** that Defendant Six Flags' partial motion to dismiss the Complaint is **GRANTED** as follows: the Complaint is **DISMISSED WITH THE CONSENT OF THE PARTIES** to the extent raising causes of action for breach of an implied or express warranty; and the Complaint is **DISMISSED** to the extent raised under a theory of private or public nuisance.


_____/s/ Freda L. Wolfson_____
The Honorable Freda L. Wolfson
United States District Judge